# ST. JOHN & WAYNE, L.L.C.

Two Penn Plaza East
Newark, New Jersey 07105
(973) 491-3600
David W. Phillips, Esq. (DP 2099)
Attorneys for plaintiff Osler Health, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| _____ | : | HON. WILLIAM H. WALLS, U.S.D.J. |
| OSLER HEALTH, INC., | : | Civil Action No. 02-cv-1426 |
| | : | (WHW)(SDW) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PHYSMARK, INC., | : | **PLAINTIFF OSLER HEALTH, INC.'S** |
| | : | **PROPOSED JURY INSTRUCTIONS** |
| Defendant. | : | |
| _____ | : | |

## JURY INSTRUCTIONS ON OSLER'S CLAIMS AGAINST PHYSMARK

## BREACH OF CONTRACT

**1.**

    **Every person who suffers a loss or harm as a result of another person's breach of contract is entitled to be compensated in money for that loss or harm by the person who breached the contract. This compensation is called "damages."**

    **This court has already decided that Osler Health Inc., entered into a contract with Physmark, Inc., on or about July 20, 2998, pursuant to which Physmark sold software to Osler.**

- 1 -

Osler has alleged that Physmark breached the contract by failing to provide working software in exchange for the money paid to Physmark.

If you find that Defendant Physmark, Inc., breached that contract, you must award Plaintiff damages for that breach.  You must determine the amount of the damages to be awarded to Plaintiff according to the evidence, the rules of law on which I instruct you, and the other instructions that I will give you on the subject of damages.

*1-3E California Forms of Jury Instruction MB 300E.01, citing:*

*Civ. Code § §  3281, 3282, 3360; Bergen v. Tulare Power Co. (1916) 173 Cal. 709, 721, 161 P. 269; Parke v. Frank (1888) 75 Cal. 364, 369, 17 P. 427; Hancock v. Hubbell (1887) 71 Cal. 537, 539, 12 P. 618; Browner v. Davis (1860) 15 Cal. 9, 11; Ericson v. Playgirl, Inc. (1977) 73 Cal. App. 3d 850, 859, 140 Cal. Rptr. 921; Sweet v. Johnson (1959) 169 Cal. App. 2d 630, 632-633, 337 P.2d 499; Steers v. City and County of San Francisco (1931) 118 Cal. App. 361, 363, 5 P.2d 32; Weaver v. Atlantian Const. Co. (1927) 84 Cal. App. 154, 164, 258 P. 111; Weichers v. Dehail (1919) 41 Cal. App. 547, 549, 183 P. 187; Restatement (Second) of Contracts §  346.*

2.

If you find that Physmark breached the contract that it made with Plaintiff Osler, you must award Osler damages in an amount that will fully compensate Osler for all losses and harm that the breach caused Osler, unless the other rules of law on which I will instruct you limit the amount that Plaintiff is entitled to recover or the type of losses or harm for which you can award damages to Plaintiff.

*1-3E California Forms of Jury Instruction MB 300E.02, citing*

*Civ. Code §  3300; Coughlin v. Blair (1953) 41 Cal. 2d 587, 600, 262 P.2d 305; Lisec v. United Airlines, Inc. (1992) 10 Cal. App. 4th 1500, 1504, 11 Cal. Rptr. 2d 689; DuBarry Internat., Inc. v. Southwest Forest Industries, Inc. (1991) 231 Cal. App. 3d 552, 563, 282 Cal. Rptr. 181; Wickman v. Opper (1961) 188 Cal. App. 2d 129, 132, 10 Cal. Rptr. 291; Phalanx Air Freight v. National Skyway Freight Corp. (1951) 104 Cal. App. 2d 771, 776, 232 P.2d 510 .*

3.

Plaintiff is only entitled to recover damages for loss or harm that was caused by a breach of contract. In law, a breach of contract is considered to have caused a loss or harm if it was a substantial factor in bringing it about. Therefore, you may not award Plaintiff damages for a particular loss or harm unless you find that a breach of contract by Defendant was a substantial factor in bringing it about.

*1-3E California Forms of Jury Instruction MB 300E.03, citing*

*Civ. Code § 3300; Mitchell v. Gonzales (1991) 54 Cal. 3d 1041, 1048-1054, 1 Cal. Rptr. 2d 913, 819 P.2d 872; Friend & Terry L. Co. v. Miller (1885) 67 Cal. 464, 466-467, 8 P. 40; Postal Instant Press, Inc. v. Sealy (1996) 43 Cal. App. 4th 1704, 1713, 51 Cal. Rptr. 2d 365; Maupin v. Widling (1987) 192 Cal. App. 3d 568, 574-575, 237 Cal. Rptr. 521; Fraijo v. Hartland Hospital (1979) 99 Cal. App. 3d 331, 345-347, 160 Cal. Rptr. 246; State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co. (1970) 9 Cal. App. 3d 508, 528, 88 Cal. Rptr. 246; Automatic Poultry Feeder Co. v. Wedel (1963) 213 Cal. App. 2d 509, 515-516, 28 Cal. Rptr. 795; Mahar v. MacKay (1942) 55 Cal. App. 2d 869, 877, 132 P.2d 42; Reliance A. Corp. v. Hooper-Holmes Bureau (1934) 139 Cal. App. 607, 613, 34 P.2d 762; Long v. Barbieri (1932) 120 Cal. App. 207, 217-218, 7 P.2d 1082; Restatement of Torts §§ 430, 431 (1934); Prosser*

**4.**

**If a loss or harm that Plaintiff suffered would have happened even if Defendant had fully performed the contract [he/she/it] made with Plaintiff [or that was made for Plaintiff's benefit], then any breach of that contract by Defendant may not be considered in law to be a substantial factor in bringing about that loss or harm and therefore may not be considered to be a cause of that loss or harm.**

*1-3E California Forms of Jury Instruction MB 300E.04, citing:*

*Signorelli v. Potter (1954) 43 Cal. 2d 541, 545, 275 P.2d 449; McDonald v. John P. Scripps Newspaper (1989) 210 Cal. App. 3d 100, 105, 257 Cal. Rptr. 473; Metzenbaum v. R.O.S. Associates (1986) 188 Cal. App. 3d 202, 211-214, 232 Cal. Rptr. 741; Vecchione v. Carlin (1980) 111 Cal. App. 3d 351, 168 Cal. Rptr. 571; Self v. General Motors Corp. (1974) 42 Cal. App. 3d 1, 10, 116 Cal. Rptr. 575; Camper v. McDermott (1968) 266 Cal. App. 2d 41, 46, 71 Cal. Rptr. 590; Southhall v. Security Title Ins. Etc. Co. (1952) 112 Cal. App. 2d 321, 323-324, 246 P.2d 74; Feldesman v. McGovern (1941) 44 Cal. App. 2d 566, 568-569, 112 P.2d 645 .*

**5.**

**Plaintiff is not entitled to recover damages for a particular loss or type of harm unless it has proven proves that it is reasonably certain that it has suffered such a loss or type of harm as a result of a breach by Defendant. However, once Plaintiff proves that it is reasonably certain that it has suffered a particular loss or type of harm as a result of a breach by Defendant, the law does not require Plaintiff to prove the exact amount of that loss or harm.**

**If it is reasonably certain that it has suffered a particular loss or type of harm as a result of a breach by Defendant, Plaintiff is entitled to recover damages for that loss or harm as long as there is some reasonable basis for estimating or approximating the amount**

of the loss or harm. **Plaintiff may not be denied damages merely because the amount of the loss or harm is uncertain or difficult to determine.**

*1-3E California Forms of Jury Instruction MB 300E.06, citing:*

*Civ. Code §§ 3283, 3301 ; Cal. Lettuce Growers v. Union Sugar Co. (1955) 45 Cal. 2d 474, 487, 289 P.2d 785 ; Stott v. Johnston (1951) 36 Cal. 2d 864, 875, 229 P.2d 348 ; Acree v. General Motors Acceptance Corp. (2001) 92 Cal. App. 4th 385, 396-398, 112 Cal. Rptr. 2d 99 ; Ericson v. Playgirl, Inc. (1977) 73 Cal. App. 3d 850, 854-855, 140 Cal. Rptr. 921 ; Guntert v. City of Stockton (1976) 55 Cal. App. 3d 131, 143, 127 Cal. Rptr. 602 ; Carpenter Foundation v. Oakes (1972) 26 Cal. App. 3d 784, 799-800, 103 Cal. Rptr. 368 ; Mendoyoma, Inc. v. County of Mendocino (1970) 8 Cal. App. 3d 873, 880-881, 87 Cal. Rptr. 740 ; Israel v. Campbell (1958) 163 Cal. App. 2d 806, 816, 330 P.2d 83 ; Noble v. Tweedy (1949) 90 Cal. App. 2d 738, 744-746, 203 P.2d 778 ; see Vestar Development v. General Dynamics Corp. (9th Cir. 2001) 249 F.3d 958 , 961-962.*

**6.**

Further, the parties agreed that neither party shall be liable for any loss of business profits or for other incidental or consequential damages arising from the use of the Software or arising from breach of this Agreement or out of obligations under the Agreement.

## <u>IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE</u>

**7.**

Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose."

If you find that Physmark had reason to know the use to which Osler was going to put the software, then you must find that there is an implied warranty of fitness for that use.

If you find that there is an implied warrant of fitness, then you must determine whether the parties agreed on any exclusion or modification of those warranties.

*Cal. U. Com. Code § 2315.*

## EXPRESS WARRANTIES

**8.**

**It is not necessary for the seller to use formal words such as ''warranty'' or ''guarantee'' to create an express warranty, nor is it necessary for the seller to specifically intend to make a warranty.  An express warranty may be found in the written or oral statements of the seller or in the conduct of the parties, including their course of dealing. Whether the seller gave an express warranty is for you to decide considering the facts of this case in light of the following instructions.**

**A description of the goods that is made a part of the basis of the bargain creates an express warranty.**

**A seller's statement of fact or promise to the buyer that relates to the goods and becomes part of the basis of the parties' bargain creates an express warranty that the goods will conform to the seller's statement or promise.**

*2-3H California Forms of Jury Instruction MB 300H.145, citing:*

*Com. Code §  2313 ; Keith v. Buchanan (1985) 173 Cal. App. 3d 13, 19, 220 Cal. Rptr. 392 .*

**9.**

**For Plaintiff to recover from Defendant on Plaintiff's claim of breach of an express warranty, Plaintiff must prove all of the following:**

**1. Defendant sold the software to Osler;**

**2. Defendant made an affirmation of fact or promise to the buyer relating to the goods that became a part of the basis of the parties' bargain;**

**3. The software did not conform to Physmark's promise;**

**4. Plaintiff notified Defendant of the breach within a reasonable time; and**

**5. Plaintiff's damage was caused by the breach.**

*2-3H California Forms of Jury Instruction MB 300H.148, citing:*

*Com. Code § §  2313, 2607(3)(A), (4), 2714 ; Keith v. Buchanan (1985) 173 Cal. App. 3d 13, 19-24, 220 Cal. Rptr. 392 .*

## DAMAGES FOR BREACH OF WARRANTY

**10.**

      **If you find that Physmark has breached a warranty to Osler, whether express or implied, the with respect to that breach of warranty, "[t]he measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount."**

      *Ca. U. Com. Code. § 2714.*

## JURY INSTRUCTIONS ON PHYSMARK'S CLAIMS AGAINST OSLER

### BREACH OF CONTRACT

**11.**

Physmark has alleged that Osler breached the contract by failing to make full payment, by failing to pay other fees, and by failing to return the software at the termination of the agreement.

If you have found that Defendant Physmark, Inc., breached the agreement by providing software that did not work in the manner expected, or as warranted, then you must decide against Physmark on its claims for unpaid fees under the contract.

If you have found that Physmark did not breach the contract or the warranties, then you must decide whether Osler breached the contract, and if so, award damages for that breach.  You must determine the amount of the damages to be awarded to Plaintiff according to the evidence, the rules of law on which I instruct you before on contract damages.

**12.**

Osler asserts that if it did breach the contract, that breach was waived by Physmark.

You may find waiver if you find that Physmark deliberately acted so inconsistently with an intent to enforce the right in question that a reasonable person would believe that Physmark had relinquished that right.

The right must have been in existence at the time of the acts claimed to constitute waiver. Only an existing right can be waived.

*Authorities: Soon v. Beckman (1965) 234 Cal. App. 2d 33, 36, 44 Cal. Rptr. 190 ; Howard J. White, Inc. v. Varian Associates (1960) 178 Cal. App. 2d 348, 395, 2 Cal. Rptr. 871 ; Richfield Oil v. Security-First Nat. Bank (1958) 159 Cal. App. 2d 184, 194, 323 P.2d 834 ; Bettelheim v. Hagstrom Food Stores (1952) 113 Cal. App. 2d 873, 878, 249 P.2d 301 .*

**13.**

Osler claims as a defense that Physmark is barred from claiming a breach of the contract because of the contents of the November 11, 2001 letter, and Physmark's failure to ever seek return of the software or payment of any funds. To establish this defense, Osler must prove all of the following:

(1) That Physmark made a representation of fact by words or conduct intending that Osler should rely on it. This conduct may also include silence if Physmark had a duty to speak and remained silent knowing that the circumstances required it to speak;

(2) That Physmark knew the facts;

(3) That Osler was ignorant of the true state of facts; and

(4) That Osler reasonably relied on Physmark's representation to Osler's injury. Osler's reliance must be reasonable in the sense that under the circumstances a reasonable person would have acted as Defendant did.

*1-3F California Forms of Jury Instruction MB 300F.27, citing:*

*Evid. Code § 623 ; Robinson v. Fair Employment & Housing Com. (1992) 2 Cal. 4th 226, 244-245, 5 Cal. Rptr. 2d 782, 825 P.2d 767 ; Lusardi Construction Co. v. Aubry (1992) 1 Cal. 4th 976, 994, 4 Cal. Rptr. 2d 837, 824 P.2d 643 ; Shaffer v. Debbas (1993) 17 Cal. App. 4th 33, 43, 21 Cal. Rptr. 110 ; Lundeen Coatings Corp. v. Department of Water & Power (1991) 232 Cal. App. 3d 816, 829, 283 Cal. Rptr. 551 ; Security Environmental Systems, Inc. v. South Coast Air Quality Management Dist. (1991) 229 Cal. App. 3d 110, 128-129, 280 Cal. Rptr. 108 ; Laks v. Coast Fed. Sav. & Loan Assn. (1976) 60 Cal. App. 3d 885, 890-891, 131 Cal. Rptr. 836 ; Miller v. Rau (1963) 216 Cal. App. 2d 68, 79, 30 Cal. Rptr. 612 ; Bettelheim v. Hagstrom Food Stores (1952) 113 Cal. App. 2d 873, 879, 249 P.2d 301 ; C.I.T. Corporation v. Hawley (1939) 34 Cal. App. 2d 66, 72, 93 P.2d 216*

## <u>CONVERSION</u>

**14.**

Physmark claims that Osler wrongfully exercised control over its personal property. To establish this claim, Physmark must prove all of the following:

1. That Physmark owned specifically identified tangible property;

2. That Osler intentionally took possession of the property for a significant period of time, or destroyed the property,

**3. That Osler did not consent;**

**4. That Physmark was harmed; and**

**5. That Osler's conduct was a substantial factor in causing Physmark's harm.**

*3-21 California Forms of Jury Instruction CACI 2100, citing:*

*Munger v. Moore (1970) 11 Cal.App.3d 1, 7 [89 Cal.Rptr. 323]Cerra v. Blackstone (1985) 172 Cal.App.3d 604, 609 [218 Cal.Rptr. 15] , Moore v. Regents of the University of California (1990) 51 Cal.3d 120, 136 [271 Cal.Rptr. 146, 793 P.2d 479],Enterprise Leasing Corp. v. Shugart Corp. (1991) 231 Cal.App.3d 737, 748 [282 Cal.Rptr. 620].*

**15.**

    **For Physmark to recover money damages for conversion by Osler, Physmark must prove either that it was in actual possession of this property or that it had the right to the property's immediate possession at the time of its conversion.**

*3-21A California Forms of Jury Instruction MB 2100A.01, citing:*

*Enterprise Leasing Corp. v. Shugart Corp. (1991) 231 Cal. App. 3d 737, 748, 282 Cal. Rptr. 620 ; Messerall v. Fulwider (1988) 199 Cal. App. 3d 1324, 1329-1331, 245 Cal. Rptr. 548 ; Cerra v. Blackstone (1985) 172 Cal. App. 3d 604, 609, 218 Cal. Rptr. 15 ; Hartford Financial Corp. v. Burns (1979) 96 Cal. App. 3d 591, 597-600, 158 Cal. Rptr. 169 ; Aero Properties, Inc. v. Gottlieb (1962) 206 Cal. App. 2d 711, 716, 24 Cal. Rptr. 277 ; Igauye v. Howard (1952) 114 Cal. App. 2d 122, 127, 249 P.2d 558 ; Perlick v. Pac. Discount Corp. (1942) 53 Cal. App. 2d 136, 141, 127 P.2d 647 ; Redwine v. Trowbridge (1929) 99 Cal. App. 762, 765-766, 279 P. 666 ; Covington v. Grant (1927) 82 Cal. App. 749, 751, 256 P. 213*

**15.**

    **If you decide that Physmark has proved its claim of conversion against Osler, you also must decide how much money will reasonably compensate Physmark for the harm.  This compensation is called "damages."**

    **Physmark must prove the amount of its damages.  However, Physmark does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.**

    **Physmark claims damages of the fair market value of the property at the time wrongfully exercised control over it.**

**"Fair market value" is the highest price that a willing buyer would have paid to a willing seller, assuming:**

**1. That there is no pressure on either one to buy or sell; and**

**2. That the buyer and seller know all the uses and purposes for which the [insert item] is reasonably capable of being used.]**

> *Civil Code section 3336, Myers v. Stephens (1965) 233 Cal.App.2d 104, 116 [43 Cal.Rptr. 420], Lueter v. State of California (2002) 94 Cal.App.4th 1285, 1302 [115 Cal.Rptr.2d 68], Moreno v. Greenwood Auto Center (2001) 91 Cal.App.4th 201, 209 [110 Cal.Rptr.2d 177], Dakota Gardens Apartment Investors "B" v. Pudwill (1977) 75 Cal.App.3d 346, 351-352 [142 Cal.Rptr. 126], Lint v. Chisholm (1981) 121 Cal.App.3d 615, 624-625 [177 Cal.Rptr. 314], Haines v. Parra (1987) 193 Cal.App.3d 1553, 1559 [239 Cal.Rptr. 178].*

**16.**

**The Fair Market Value must be proven as of the time of the conversion.  Where the claim of conversion arises from a failure to return property rightfully held, the time of the conversion is when there has been a refusal of a demand for return of the property, that is, at the time Physmark demanded return of the property and Osler refused or could not return the property.**

> *Niiya v. Goto, 181 Cal. App. 2d 682; 5 Cal. Rptr. 642 (Ct. of App., 2nd Dist., 1960); Naftzger v. American Numismatic Society, 42 Cal. App. 4th 421; 49 Cal. Rptr. 2d 784; 1996 Cal. App. LEXIS 85; 96 Cal. Daily Op. Service 780; 96 Daily Journal DAR 1140 (Ct. App., 2nd Dist., 1996). Smith v. Greenfield State Bank, 222 Cal. App. 2d 869 (Cal. Ct. App. 1963);*

DATED:      Newark, New Jersey
                March 28, 2006

### ST. JOHN & WAYNE, L.L.C.

/s/

By:_____
      David W. Phillips
Attorneys for Plaintiff Osler Health, Inc.
Two Penn Plaza East
Newark, New Jersey 07105
Phone 973.491.3530
Fax 973.491.3491